IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Judi Garland, | ) |
|                Plaintiff, | ) Civil Action No. 9:12-621-DCN-BHH |
| vs. | ) **REPORT AND RECOMMENDATION**<br>) **OF MAGISTRATE JUDGE** |
| Mid-South Investors II, Inc., d/b/a Orkin Pest Control, Jeff Burkett, individually, and Tim Spangler, individually, | ) |
|              Defendants. | ) |

This matter is before the Court on the defendants' motion to dismiss [Doc. 5], pursuant to Federal Rules of Civil Procedure 12, and the plaintiff's motion to amend complaint [Doc. 23].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff was employed by Defendant Mid-South; Defendants Burkett and Spangler were her supervisors. (Compl. ¶¶ 5, 8.) She alleges that, during her employment, Burkett made degrading sexual comments to her, touched her, interfered with her life, leered at her, and sent sexually suggestive text messages to her. (Compl. ¶ 9.) She further claims that Spangler discussed his dislike for African Americans and used a racial slur. (Compl. ¶ 26.) The plaintiff says that she complained to management about the alleged conduct of Burkett and Spangler. (Compl. ¶¶ 13, 38.) The paintiff claims that, as a result of her complaint, the defendants retaliated by causing Mid-South to wrongfully terminate her

employment. (Compl. ¶¶ 33, 38, 39, 49.) The plaintiff further alleges that the defendants conspired to bring about her "disgrace, humiliation and ruin" by "falsely accusing the plaintiff of incompetency in her work, and ultimately causing her discharge from employment." (Compl. ¶ 39.) The plaintiff claims that as a result of the alleged conduct, she has suffered humiliation, embarrassment, mental and emotional distress, and discomfort. (Compl. ¶ 51.)

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The plaintiff has pled claims for (1) sexual harassment; (2) race discrimination; (3) breach of the covenant of good faith and fair dealing; (4) civil conspiracy; (5) retaliation; and (6) intentional infliction of emotional distress. (See Compl.)

The plaintiff has expressly conceded the inefficacy of her civil conspiracy claim. (Pl. Resp. at 7.) It, therefore, should be dismissed.

The plaintiff has also clarified that she means -- in her sexual harassment, race discrimination, and retaliation claims -- to only have pled federal causes of action. *Id.* at 3. The plaintiff has not intended any claims pursuant to the South Carolina Human Affairs Commission Law, S.C. Code § 1-13-10 *et seq.*, as presumed by the defendants. *Id.* This clarification eliminates many of the defendants' objections to the Complaint.

The plaintiff has also indicated that her claims for harassment, discrimination, and retaliation are not pled against Burkett and Spangler. (Pl. Resp. at 4.)

The plaintiff would now also propose an amended complaint, which clarifies the federal statutory bases for her claims and would add a breach of contract claim. [Doc. 23-1.]

The Court will address the plaintiff's claims, actual and putative, and the defendants' respective and remaining arguments against them.

## I.   Race Discrimination

The defendant contends that any discrimination claim based on race is beyond the scope of the charge filed with the Equal Employment Opportunity Commission ("EEOC"). (Def. Mot. Ex. 9.) The defendants concede that the plaintiff checked the box for "race" on the Charge, *see id.*, but would argue that no other allegations of race discrimination were made in the narrative portion of it such that the defendants would have been on notice that the allegation had been made. The defendant contends that only the sex harassment claim has been exhausted, therefore.

3

Prerequisite to bringing a judicial action, it is well-understood that a plaintiff in South Carolina must file a charge of discrimination within 180 days (for claims arising under South Carolina Human Affairs Law) or 300 days (for claims arising under Title VII, since South Carolina is a deferral state) after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5; S.C. Code § 1-13-90; *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995).

As the defendant emphasizes, the scope of a charge of discrimination limits the scope of any subsequent litigation; claims not included in the charge of discrimination are barred from judicial review. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509, 513 (4th Cir. 2005); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963-64 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *see also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

There are two relevant portions of the physical charge document. The first is a section of the boilerplate form entitled, "DISCRIMINATION BASED ON (Check applicable box(es).)." (Def. Mot. Ex. 9.) In the same section are smaller boxes corresponding to various bases for legally recognized discrimination or retaliation claims. *Id.* Among them are boxes for race, sex, and retaliation, all of which are marked with an "X" on the plaintiff's charge. *Id.* Immediately below that section is a larger sectioned area, entitled "THE PARTICULARS ARE . . .:" *Id.* In this section, a narrative description of the charging party's claims are made.

This particular case is a unique matter. The Court could legal-journal style string cite the cases that involve instances where a plaintiff **failed** to check the box of some basis for discrimination, in the first section, and the court preceded to examine whether or not the claim was sufficiently described in the narrative portion of the charge, such that the claim

4

was considered exhausted. That is not this case. The plaintiff, here, checked the box for the claim now in dispute, "race." The Court, however, has had difficulty identifying any case where the box for a particular bases **was** checked but no narrative description of that claim followed. The defen dant purports to have identified a few and expressly represents that certain cases have involved a situation where the plaintiff checked a certain basis of discrimination but then failed to address that **sam**e basis in the narrative portion. (Pl. Mot. at 11; Pl. Reply at 3.) Respectfully, in *none* of the cases cited did the plaintiff check the box for the basis subsequently at issue in the case. *See id.* The Court will presume simple oversight in this respect.

The Court would acknowledge two things. First, courts typically speak in alternatives -- either that the plaintiff checked the box or described the claim. *See Satterwhite v. Wal-Mart Stores East, L.P.*, 2012 WL 255347, at *2 (E.D.N.C. January 26, 2012) ("Where a plaintiff has filed an EEOC charge and alleges discrimination based on one protected category, but neither checks the box to allege discrimination on another protected category **nor** includes any discussion of the other category in the charge narrative, the plaintiff has failed to bring the second claim before the EEOC" (emphasis added).); *Huff v. DRE Management, Inc.*, 2012 WL 3072389, at *3 (N.D. Tex. July 30, 2012); Talbot v. U.S. Foodservice, Inc., 191 F. Supp.2d 637, 640 (D. Md. 2002) ("Where a litigant has **neither** checked the box for disability discrimination, **nor** mentioned disability discrimination or the ADA anywhere in his charge of discrimination, the EEOC cannot reasonably have been expected to have investigated disability discrimination" (emphasis added).) Second, this is a view consistent with the notice goal of the Charge. Either the check-the-box or the narrative sections can plainly apprise the accused. Although, the defendants would complain about it, they could never reasonably argue surprise; the charge plainly alleges "RACE" discrimination.

Lastly, while the narrative portion of the charge admittedly sounds almost exclusively in sexual harassment, it alleges, generically, adverse employment action – verbal warning and termination. It is not any sort of manipulation of the Charge to view the checked boxes of "RACE" and "SEX" as the predicate grounds for these alleged adverse acts.

The Court would recommend that the district court view the race discrimination claim as having been exhausted.

### III. Breach of Covenant of Good Faith and Fair Dealing

As the defendants argue, South Carolina does not recognize an independent claim for breach of covenant of good faith and fair dealing. *See RoTec Services, Inc. v. Encompass Services, Inc.*, 597 S.E.2d 881, 884 (S.C. Ct. App. 2004) ("Therefore, we conclude that the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract."). The fact that the plaintiff, through discovery, may establish the presence of a contract is of no moment. The claim, as pled, does not exist. It should be dismissed.

### IV. Intentional Infliction of Emotional Distress

Lastly, the defendants argue that the plaintiff's intentional infliction of emotional distress claim should be dismissed. "To state a claim for outrage [intentional infliction of emotional distress], the plaintiff must allege: (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable man could be expected to endure it." *Corder v. Champion Road Machinery Intern. Corp.*, 324 S.E.2d 79, 80 (S.C. Ct. App. 1984) (citing *Ford v. Hutson*, 276 S.E.2d 776 (S.C. 1981)). Outrageous conduct is essential to the tort of outrage. *Id.*

"[I]nsistence that the conduct be extreme and outrageous is no mere happenstance." *Id.* at 81. "The quality of the defendant's conduct is to be judged by an objective standard, i.e., whether it can reasonably be considered extreme, outrageous, and utterly intolerable in a civilized community. *Id.* Critically, allegations of wrongful and retaliatory discharge, without more, are not sufficient to state a claim for outrage. *Id.*

> The plaintiff alleges:
>> Defendants . . . unfairly and without right or justification, removed Plaintiff from the job and terminated her employment . . . . Defendant intentionally and maliciously made statements and engaged in acts with utter disregard for Plaintiff's feelings, sensitivity, and emotional well-being, and in complete derogation of the duty Defendants owed Plaintiff as her superiors to deal honestly with Plaintiff, to refrain from arbitrary action, and to assist Plaintiff in career development. Defendants knew or should have known that their statements, acts, would subject Plaintiff to extreme emotional distress and would injure her emotional well-being.

(Compl. ¶¶ 65, 67.) These are all allegations of wrongful and retaliatory discharge and no more. *See Corder*, 324 S.E.2d at 81. No other extreme acts are alleged. By no standard in civilized community are these "atrocious" or "utterly intolerable," even if completely accepted as true. *Id.* at 80.

The claim should be dismissed.

## V. Motion to Amend

As stated, the plaintiff's proposed amended complaint purports to add a breach of contract claim and also clarifies that the sexual harassment, race discrimination and retaliation claims are being asserted pursuant to federal law. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a pleading "should be freely given when justice so requires." Fed. R. Civ. P. 1(a)(2). Leave to amend, however, should be denied "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

7

The plaintiff's motion should be granted in part and denied in part. Specifically, the plaintiff should not file any amended complaint that continues to allege a civil conspiracy claim, which she has conceded. The amended complaint should also not contain any claim for intentional infliction of emotional distress or a separate claim for breach of the covenant of good faith and fair dealing. The undersigned has recommended dismissal of those claims.

The plaintiff proposes to insert a cause of action for breach of contract. The alleged contract upon which such claim is based, however, is simply the "policies and procedures outlined in the employee handbook". [See Doc. 23-1 ¶ 37.] The plaintiff must assert sufficient facts to support her claim and may not simply include "naked assertions" that are "devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949. The plaintiff does not point to a single specific policy or procedure within the employee handbook that supposedly created a contractual relationship.

The plaintiff complains that such specificity is premature, as no handbook has been produced. But, the plaintiff may not fish for it. Although she might be incapable of citing chapter and verse, so to speak, she should, at this juncture, be able to qualitatively identify the types of promises made, and breached. She has not. No claim should be added.

To the extent the plaintiff attempts to add a claim pursuant to 42 U.S.C. § 1983, of course, she cannot. It is well settled that Section 1983 requires some form of state action. *See United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995). The defendants are all private actors, and by definition, cannot be subject to that statute. The plaintiff has not attempted to argue to the contrary that the conduct of the defendants, as private parties, may be fairly attributable to the state.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motion to dismiss [Doc. 15] should be GRANTED in part and DENIED in part. Specifically,

the defendants' motion as to the plaintiff's civil conspiracy, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress claims should be GRANTED. With respect to the plaintiff's race discrimination claim, the motion should be DENIED. The plaintiff's motion to amend [Doc. 23] should be GRANTED in part and DENIED in part. The plaintiff should not be allowed to add a claim for breach of contract or for 42 U.S.C. § 1983 or to refile a new complaint which continues to allege any claims for civil conspiracy, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. While unnecessary, the plaintiff should be given leave to clarify the federal basis for her claims as proposed, with the exception of the Section 1983 claim. The plaintiff should be afforded fifteen (15) days from the district court's decision concerning this recommendation to amend her Complaint.

    IT IS SO RECOMMENDED

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

September 19, 2012
Charleston, South Carolina