IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Judi Garland, | ) | C/A No. 9:12-cv-621 DCN BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Mid-South Investors II, Inc., d/b/a Orkin Pest | ) | |
| Control, Jeff Burkett, individually, and Tim | ) | |
| Spangler, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that defendants' motion to dismiss be granted in part and denied in part, and that plaintiff's motion to amend the complaint be granted in part and denied in part.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1] **No objections have been filed to the magistrate judge's**

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice

**report and recommendation**.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, defendants' motion to dismiss is **GRANTED IN PART** as to plaintiff's civil conspiracy, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress claims, and **DENIED IN PART** as to plaintiff's race discrimination claim.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend is **GRANTED IN PART** as to filing an amended complaint that clarifies the federal basis of her claims (with exception of her proposed claim under 28 U.S.C. § 1983) and **DENIED IN PART** as to adding a claim under 28 U.S.C. § 1983 or for breach of contract or continuing to allege claims for civil conspiracy, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that plaintiff is given fifteen (15) days from the date of this order to amend her complaint.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

January 11, 2013
Charleston, South Carolina

---

must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.